**Abdul BARRIE, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 08–1494–ag.

United States Court of Appeals, Second Circuit.

March 4, 2009.

Matthew J. Harris, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Abdul Barrie, a native and citizen of Sierra Leone, seeks review of a February 29, 2008 order of the BIA affirming the April 7, 2006 decision of Immigration

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Judge ("IJ") George Chew, who denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdul Barrie*, No. A95 147 465 (B.I.A. Feb. 29, 2008), *aff'g* No. A95 147 465 (Immig. Ct. N.Y. City Apr. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

In his brief, Barrie challenges the IJ's finding that his failure to disclose his first trip to the United States in 1998, his arrest during that trip, and his return trip to Sierra Leone thereafter, undermined his credibility. Barrie contends that each finding was too insignificant to support an adverse credibility determination and argues that he provided evidence to corroborate his claim. We disagree.

Barrie's failure to disclose his previous trip to the United States and his voluntary return to Sierra Leone called into question whether he actually feared persecution in Sierra Leone. Indeed, as the IJ observed, Barrie returned to Sierra Leone at a time when many were fleeing that country. Moreover, the IJ was entitled to rely on Barrie's failure to disclose his prior arrest in this country where, when considered together with his other omissions and various inconsistencies, it served to undermine his credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). While Barrie offered explanations for these discrepancies—blaming them on faulty translation—no reasonable fact-finder would be compelled to credit those explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

Barrie argues also that the IJ erred in failing to find that his documentary evidence and witness testimony corroborated his claim. The IJ, however, reasonably gave diminished weight to that evidence and testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Indeed, the IJ found that the medical documents, which Barrie stated he brought to the United States but later testified were mailed from Sierra Leone, actually were mailed from Great Britain. The IJ found further that the documents, which stated that Barrie had been injured on the left side of his head, conflicted with Barrie's testimony that the injury occurred to the right side of his head. And finally, the IJ found that Barrie's witness's testimony did not corroborate Barrie's own testimony because that witness testified that he had spoken with Barrie in 1998 at a phone card store, whereas Barrie testified that this conversation took place in his apartment building.

Barrie ignores several of these findings in his brief to this Court, thereby waiving any challenge to them. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). The arguments he does make do not compel us to reach a conclusion contrary to that of the agency. 8

U.S.C. § 1252(b)(4)(B). Accordingly, we find that the IJ's adverse credibility determination is supported by substantial evidence. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), *abrogated, in part, on other grounds by Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir.2008).

Because Barrie bases his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims also fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.